Wilton *v.* Harwood.

### Inhabitants of Wilton *versus* James Harwood.

No such equity powers are given to this Court, as will authorize it to decree a specific performance of a parol agreement to convey real estate, or to enter judgment for the amount of damages sustained by a breach thereof, although such parol contract may have been partially performed.

The rule in equity, that one who hears another bargain with a third person for real estate, and sees such third person pay for it, or expend his money upon it, without making known his own title, will not be permitted to disturb him in the enjoyment of the estate — cannot be applied to cases of parol contracts for the purchase of land, where all the parties to the contract fully understood the true state of the title, and one of them seeks relief from another.

This was a bill in equity. The facts are stated in the opinion of the Court.

*R. Goodenow*, for the plaintiffs, contended that the Court had power to grant relief in this case.

The power is given in the clause in relation to frauds. The defendant cannot avail himself of his own fraudulent act to obtain the property of the plaintiffs. Cases are taken out of the operation of the statute of frauds on the ground of a part performance of the contract. It is a fraud in the defendant, after a performance, or part performance by the plaintiffs, to resist the full and complete execution of it, and thereby destroy the property of the plaintiffs. Constructive fraud includes all cases where one party takes an unconscionable advantage over the other. Rob. on Fr. 137, 141 ; 1 Story's Eq. § 187, 189, 251, 253 ; 2 Story's Eq. § 66, 68.

The Court has jurisdiction also on the ground, that the defendant stood by and permitted, encouraged and assisted the town to expend their money, without notice or asserting his title. He cannot now set it up against them. 2 Sumn. 211.

We have no adequate remedy at law. The building cannot be removed without unreasonable expense, and there is no mode of compelling him to convey the land, but by resorting to a court of equity.

*H. & H. Belcher* argued for the defendant.

It is a sufficient answer, that the plaintiffs are at liberty to

remove their town house, whenever they please. This right has never been denied to them.

This transaction was before the Revised Statutes were in force, and the statute of frauds, which is pleaded, is a bar to the support of the bill. 8 Greenl. 320.

There is no fraud on the part of the defendant. The plaintiffs have not performed their part of the verbal contract, and the defendant is not bound to perform his. Still he is now willing that the plaintiffs may have the privilege of removing the building. The defendant has never claimed it, and has requested the plaintiffs to remove it.

There has been no part performance of the contract. The building of the town house was not in pursuance of any agreement with the defendant, but wholly independent of it.

Nor does the principles' applicable to one man's purchasing land of a third person, and the true owner standing by and giving no notice, apply here. The plaintiffs knew the state of the title as well as the defendant, and knew as well as he that they were placing their house on his land.

There is no ground for asserting, that the defendant has converted the schoolhouse to his own use. Had he so done, the remedy would have been by an action at law for the conversion.

If however the plaintiffs had performed, or offered to perform their part of the agreement, the Court has no power to compel the specific performance of a parol contract for the conveyance of land.

The opinion of the Court was by

SHEPLEY J.— The case presented by the bill, answer, and proof, shews, that the defendant made a verbal agreement with their committee to sell to the plaintiffs a small lot of land for the sum of five dollars as a site for the erection of a town house; that the committee made a report of that agreement in writing under date of December, 1829, which was accepted in a town meeting, April 5, 1830, the defendant being present and voting for its acceptance; that the plaintiffs caused a

house to be built upon that lot by contract, during the season of 1831; that the defendant was a member of the committee chosen to superintend its erection and designated the lot, upon which it was built; and, as one of the committee, joined in a written report under date of Sept. 1, 1831, accepting the house thus built upon the lot; that afterward, in September or October of the same year, the plaintiffs, by their treasurer, tendered to the defendant the sum of five dollars and twenty-five cents, and requested a conveyance of the lot, but the defendant refused to receive the money and make the conveyance; that another tender of the sum of twelve dollars was made on April 21, 1842, and a conveyance was again requested with the like result; that the plaintiffs have continued to occupy the building as a town house since it was erected without interruption or obstruction, except that the defendant, in the month of September, 1841, built a fence across the passageway leading from the highway to the house. The defendant in his answer alleges, that it was agreed, that he should have a license to sell liquors, in addition to the five dollars, on the days, when the town meetings were held in the house; but the proof fails to establish any such agreement. He also states, that on June 17, 1842, he conveyed a lot of land, including that lot, to James Harwood, jr.; and that conveyance is exhibited. The prayer of the bill is, that the defendant may be compelled to perform his agreement, or to pay the value of the house, and that he may be restrained from obstructing the plaintiffs in their occupation of it, and from bringing suits against them on account of it. If this Court were entrusted with a general jurisdiction in equity, there might be no difficulty in decreeing a specific performance of the agreement on the ground of part performance by the delivery and acceptance of possession accompanied by the other acts above stated. But its jurisdiction is limited in such cases. It was decided in the case of *Stearns* v. *Hubbard*, 8 Greenl. 320, that the act of 1830, c. 462, did not authorize the Court to compel a specific performance of a contract in writing. By the Revised Statutes such power is given, but it is limited to contracts in

writing, made since February 10th, 1818. It is contended, however, by the counsel for the plaintiffs, that a specific performance of a verbal contract may be decreed by virtue of the statute giving jurisdiction in all cases of fraud. If the Court were to decree the specific performance of a verbal contract for the sale of real estate on the ground, that after part performance, it was a fraud upon one party for the other to refuse to execute a conveyance, the effect would be to assume, under that clause of the statute, the very jurisdiction intentionally denied under another and more appropriate clause. During the revision of the statutes the law relating to the specific performance of contracts not in writing, after they had been partially executed, was doubtless noticed and considered; and it appears to have been the intention not to authorize under any circumstances a decree for the specific performance of a contract not made in writing.

It is also contended, that the defendant should in equity be enjoined from claiming and asserting a title to the lot, after having been instrumental in causing the plaintiffs to expend their money in building upon it under the promise of a title. It is true, that one, who hears another bargain with a third person for an estate, and sees such third person pay for it, or expend money upon it, without making known his own title, will not be permitted in equity to disturb him in the enjoyment of the estate, because by so doing he knowingly abets or aids the seller to deceive and injure him. The essential ingredient, which destroys his own title, is the knowledge, that the purchaser is deceived with respect to the title, and that he must suffer by it, and the neglect, when he has an opportunity to do so, to undeceive him and save him from injury. But this rule cannot be applied to cases of contract, where all the parties to the contract fully understand the true state of the title, and one of them seeks relief from another. The plaintiffs in this case were not ignorant, that the title to the lot was in the defendant, and that they must rely upon his verbal contract to obtain a title to it. If the defendant, after having authorized the plaintiffs to place the building upon his land, had by any act

converted it to his own use, their proper remedy to recover the value of it would have been an action of trover, and not a suit in equity. It is not therefore necessary to consider, whether the testimony presented would have entitled them to maintain such an action. It is not perceived, that under this process the Court has any power to relieve the plaintiffs from the inconvenience or loss, which they may sustain by having inconsiderately placed too great confidence in the verbal promise of the defendant.

*The bill is dismissed without costs.*